■ SATELLITE ASSET MANAGEMENT, L.P., Respondent, v FIFTH AVENUE BUILDING COMPANY, LLC, Appellant. [936 NYS2d 25]—

Article 10.07 of the lease at issue provides, in pertinent part: "All appurtenances, fixtures, improvements, additions and other property attached to or installed in the Premises, whether by Landlord or Tenant or others, and whether at Landlord's expense, or Tenant's expense, or the joint expense of Landlord and Tenant, shall, unless Landlord elects otherwise, become and remain the property of Landlord . . . Landlord shall have the right to make its election as to such appurtenances, fixtures, improvements, additions and/or other property at the time it consents to the making or installation thereof, in which case such items shall remain upon, and be surrendered with, the Premises at the end of the Term."

Reading article 10.07 as a whole, and giving effect to each term (*see Perlbinder v Board of Mgrs. of 411 E. 53rd St. Condo-*

*minium*, 65 AD3d 985, 986-987 [2009]), it clearly provides that plaintiff must remove only those improvements that the landlord specifically elected be removed at the time it consented to their installation. Further, the provision confers only one election right upon the landlord—namely, the right to elect the removal of improvements. Except for one disputed staircase, neither defendant nor its predecessor elected removal of any of the improvements at issue at the time of consent to their installation. Accordingly, pursuant to article 10.07, the improvements are defendant's property and should "remain upon, and be surrendered with, the Premises at the end of the Term."

Although the disputed staircase was the only " 'specialty' alteration" under article 10.07 of the lease for which removal was elected, the record shows that, among other things, defendant delayed approving plaintiff's plans for its removal for months. Accordingly, defendant forfeited any right to insist upon its removal (*see Chemical Bank v Stahl*, 272 AD2d 1, 6 [2000]). Contrary to defendant's contention, the motion court was empowered to determine defendant's entitlement to the staircase's removal, even though that relief was not specifically sought (*see* CPLR 3001).

Defendant drew down upon plaintiff's letter of credit without authorization under the lease and caused the drawn funds to be deposited into its account, which commingling was only cured after issuance of a court order. As a result, defendant cannot take shelter under article 10.07's carve-out for retention of deposit funds "reasonably necessary in order to secure [plaintiff's] payment obligations" under the lease.

We have considered defendant's remaining contentions, including that summary judgment was premature, and find them unavailing. Concur—Gonzalez, P.J., Andrias, DeGrasse, Richter and Abdus-Salaam, JJ.